**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS RAMIREZ MEJIA, | No. 14-73909 |
| Petitioner, | Agency No. A093-323-519 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued August 31, 2016 Submitted December 7, 2016
Pasadena, California

Before: WARDLAW and NGUYEN, Circuit Judges, and ZIPPS,** District Judge.

Jose Luis Ramirez Mejia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) order affirming the

Immigration Judge's (IJ) denial of withholding of removal and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

We grant the petition for review on the issue of withholding of removal, deny on the issue of the CAT, and remand.

With regard to withholding of removal, we conclude that the BIA erroneously engaged in factfinding when it upheld the IJ decision denying withholding of removal based on the BIA's own finding that the record contained no evidence of a motive for the abuse suffered by patients in Mexican mental institutions. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Vitug v. Holder*, 723 F.3d 1056, 1062-63 (9th Cir. 2013) ("Whether the BIA applied the correct standard of review to the IJ's decision is a question of law, and is thus reviewed de novo."); *see also Rodriguez v. Holder*, 683 F.3d 1164, 1172-73 (9th Cir. 2012) (BIA improperly resolved issues of fact that were unaddressed by the IJ). The IJ did not make an express finding on this question. To the extent the BIA believes that this factual information is material, it must remand to the IJ to make the finding. 8 C.F.R. § 1003.1(d)(3)(iv); *Rodriguez*, 683 F.3d at 1173. Accordingly, we remand to the BIA to review the IJ's denial of withholding of removal under the correct standard of review.

With regard to the CAT claim, Mejia did not establish that it is more likely than not that he would be tortured with the consent or acquiescence of a Mexican official if removed to Mexico. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th

2

Cir. 2008) (finding that the conditions in the Mexican mental health system did not exist out of a deliberate intent to inflict harm). Accordingly, we affirm the BIA's denial of relief under the CAT.

**Petition for Review GRANTED and REMANDED in part; DENIED in part.**